OPINION
{¶ 1} Erie Insurance Company (hereinafter "Erie") is appealing the judgment of the Darke County Common Pleas Court, which denied its motion for summary judgment and ruled that Benjamin Powell was covered under a policy of insurance issued by Erie.
 {¶ 2} This action arose out of a single car accident in which Benjamin Powell and Jason Massie were riding in a truck. The truck, which Massie owned, veered off the road and struck a tree. Both Massie and Powell were intoxicated at the time of the accident. Therefore, neither Massie nor Powell remember who was driving at the time of the accident but each believes the other was the operator of the vehicle when it hit the tree.
 {¶ 3} Powell initiated this action against Massie and Nationwide Mutual Insurance (hereinafter "Nationwide"). Nationwide was a party to this action because it issued a personal automobile policy to Powell's father. Nationwide has potential liability to Powell if he was not the operator of the vehicle and Massie is underinsured. Erie has been made a party to this action because it issued a commercial automobile policy to Greenville Glass, Inc., Powell and Massie's employer. Powell brought a claim based on Scott-Pontzer v. Liberty Mutual FireIns. Co., 85 Ohio St.3d 660, 1999-Ohio-292 against Erie, alleging underinsured motorist coverage under the Erie policy.
 {¶ 4} Both Powell and Erie filed motions for summary judgment. On February 7, 2002, the trial court granted Erie's motion for summary judgment on Powell's Scott-Pontzer claims. However on May 8, 2003, the trial court reconsidered its decision. The trial court determined that Powell was an insured under the Erie policy but continued to find that Scott-Pontzer
did not apply to the policy. Rather, the trial court found that the express language of the Erie policy insured employees while pursuing their personal interests. However, the trial court did not grant summary judgment in favor of the plaintiffs as it found a genuine issue of material fact existed as to whether Erie was prejudiced by Powell's failure to notify it of a claim until nearly three years after the accident.
 {¶ 5} Both Erie and Nationwide have filed appeals from the trial court's judgment. Erie is appealing the trial court's determination that Powell was an insured under the Erie policy. Nationwide is appealing the trial court's determination that a genuine issue of material fact existed as to whether Powell had sufficiently complied with the notice provision of Erie's policy and whether Erie was prejudiced by any delay.
 {¶ 6} Erie raises the following assignment of error:
 {¶ 7} "The trial court erred in its sua sponte reconsideration and reversal of its earlier february 7, 2002 decision in which the trial court had held benjamin powell did not qualify as an `insured' under an insurance contract between Erie Insurance Company and Greenville Glass Company."
 {¶ 8} Nationwide raises the following assignment of error in its cross-appeal:
 {¶ 9} "The trial court erred when it held that there is a material question of fact as to whether Benjamin Powell provided prompt notice."
Erie's assignment of error:
 {¶ 10} Erie argues that the trial court erred in determining that Powell was an insured under the Erie policy. We agree.
 {¶ 11} The Erie policy defined an "insured" as follows:
 {¶ 12} "Persons we protect.
 {¶ 13} "1. You, for any auto we insure;
 {¶ 14} "2. Anyone else while using an auto we insure with your permission, except: "a. the owner or anyone else from whom you borrow or hire an auto we insure. * * *
 {¶ 15} "b. your employee if the auto we insure is owned by that employee or a member of the employee's household;
 {¶ 16} "c. anyone who uses an auto we insure in a business that sells, repairs, services or parks autos, unless the business is yours;
 {¶ 17} "d. anyone other than your employees, partners, a borrower or lessee or any of their employees, while loading or unloading an auto we insure;
 {¶ 18} "e. your partner while using an auto owned by that partner or a member of his or her household and not described on the Declarations or an auto that does not replace one so described.
 {¶ 19} "3. anyone legally responsible for the conduct of anyone we protect as described above, to the extent of that responsibility." Erie's policy p. 6. (Emphasis omitted.)
 {¶ 20} The liability portion of the Erie policy defined "Autos We Insure" as follows:
 {¶ 21} "Autos we insure.
 {¶ 22} "The Declarations shows which of the following are autos we insure under this policy:
 {¶ 23} "1. Owned Autos
 {¶ 24} "a. These are autos described on the Declarations, but only for coverages for which a premium charge is shown.
 "* * * {¶ 25} "2. Hired Autos. These are autos you, or your employee while on your business, hire, rent or borrow for use in your business, but only for coverages for which a premium charge is shown. They cannot be owned by your employees or partners, or members of their households.
 {¶ 26} "3. Non-Owned Autos. (Employer's Non-Ownership Liability). These are autos you do not own, hire, rent or borrow that are used in your business, but only for coverages for which a premium charge is shown. This includes autos owned by your partners, employees or member of their households, but only while used in your business or personal affairs." Erie policy p. 5. (Emphasis omitted.)
 {¶ 27} The Erie policy included an uninsured/underinsured (hereinafter "UM/UIM") endorsement that excluded UM/UIM coverage for vehicles insured for liability protection under the Erie policy. UM/UIM Bodily Injury Coverage Endorsement-Ohio, form AHOU01 (Ed. 4/97) UF-8803. The UM/UIM endorsement provided UM/UIM benefits when an "insured" was legally entitled to recover damages from the owner or operator of an uninsured or underinsured vehicle. Id. In addition to the named insured, the UM/UIM endorsement provided coverage to:
 {¶ 28} "1. Any relative, if you are an individual.
 {¶ 29} "2. Anyone else, while occupying any auto we insure other than:
 {¶ 30} "a. one while hired by or rented to others for a fee, or while available for hire by the public. * * *
 {¶ 31} "b. one being used without the permission of the owner.
 {¶ 32} "3. Anyone else who is entitled to recover damages because of bodily injury to any person protected by this coverage." Id.
 {¶ 33} Powell brought this claim against Erie asserting that he was entitled to UM/UIM coverage under the policy pursuant toScott-Pontzer. However, the Ohio Supreme Court has recently significantly limited Scott-Pontzer in Westfield InsuranceCompany v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. InGalatis, the court limited Scott-Pontzer to only providing UM/UIM coverage for employees when they are acting within the scope of their employment, unless otherwise agreed to by the parties. Galatis, supra at paragraph 2 of the syllabus. As Powell concedes that neither he nor Massie were acting within the scope of their employment at the time of the accident, Powell would not have UM/UIM coverage under the Erie policy based onScott-Pontzer.
 {¶ 34} However, in its decision, the trial court determined that Powell was an "insured" under the Erie policy despite finding that Scott-Pontzer was inapplicable to the policy. The trial court determined that Scott-Pontzer was not applicable to the Erie policy because "you" in the Erie policy was not ambiguous but consistently referred to the policyholder, Greenville Glass. In its decision, the trial court concluded that:
 {¶ 35} "Benjamin Powell, as an employee of Greenville Glass Company, and the vehicle involved in the motor vehicle collision on March 28, 1998, are insured, based upon the following policy language: (1) `non-owned autos' are specifically included in the policy on the declaration page; and (2) the definition of `autos we insure' includes `autos owned by your partners, employees, or members of their households, but only while used in your business or personal affairs.' * * * Therefore, there is express coverage for `non-owned autos' for which Erie Insurance charged a premium which therefore imposed a duty to provide coverage." (Emphasis omitted.)
 {¶ 36} Thus, the trial court's decision finding that Powell was an "insured" under the Erie policy hinged on the language in the "non-owned autos" definition. In particular, the determination relied on the following provision, "This includes autos owned by your partners, employees or member of their households, but only while used in your business or personal affairs." The trial court determined and Powell and Nationwide argue that this provision explicitly covers autos owned by the company's employees when being used for the employee's personal affairs. However, Erie asserts that "used in your business or personal affairs" limits coverage to autos used for Greenville Glass's business or personal affairs. We agree. When giving "your" a consistent interpretation throughout the policy, it repeatedly references Greenville Glass. To find that "your" could mean employees in the non-hired autos clause would give "your" a meaning that is not present elsewhere in the Erie policy.
 {¶ 37} Nationwide argues that this clause cannot intend to only provide coverage for autos used in Greenville Glass's business or personal affairs because a business would not have "personal affairs." However, as Erie notes, a company may have company picnics, office parties, or company sponsored athletic events that might be considered a company's personal affairs. Therefore, it is not impossible for a company to have "personal affairs."
 {¶ 38} Additionally, we note that even if we were to determine that this clause of the policy could be read to include autos when used for an employee's personal affairs; this would only result in ambiguity in the policy. Nationwide asserts that any such ambiguity would necessarily have to be interpreted in favor of Powell and against the insurer, Erie. However, inGalatis, the Supreme Court explained that insurance contracts should only be construed against the insurer if so doing construes the contract in favor of the policyholder. Galatis, supra at ¶ 35. Galatis specifically stated that it is error to construe an insurance policy against an insurer in favor of another who was not a party to the contract, unless such an interpretation would be in favor of the policyholder. Id. at ¶ 14, 35, 49. Moreover, Galatis found that it is an interpretation against the policyholder's interests to find that the policy covers employees when not acting within the scope of their employment. Id. at ¶ 37. Reasoning that this would result in higher insurance premiums, the Court held that this is contrary to the policyholder's interests. Id. at ¶ 14, 20, 37. Therefore, even if the clause was ambiguous, it should not be interpreted in favor of Powell, but in favor of Greenville Glass. Further, pursuant to Galatis, it is in Greenville Glass's best interest to find that Powell is not covered by the Erie policy. Thus, Powell would not be an insured under the Erie policy.
 {¶ 39} We agree with Erie that the trial court erred in determining that Powell was an insured under the policy. Erie's assignment of error is sustained.
 {¶ 40} We need not address Nationwide's cross-appeal as it is irrelevant whether Powell complied with the notice provisions of the Erie policy because he was not an insured under the policy.
 {¶ 41} The judgment of the trial court is reversed and remanded.
Brogan, J. and Wolff, J., concur.